COLEMAN, Appellant, v. HALL et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 1, 1907.) Action by Bernadette M. Coleman, as administratrix, etc., against Benjamin J. Hall and others. No opinion. Judgment unanimously affirmed, with costs.

COLLINS, Respondent, v. HODGES et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 1, 1907.) Action by Wallace E. J. Collins, as trustee, etc., of Frederick D. Hodges, bankrupt, against Frederick D. Hodges and another. No opinion. Order affirmed, with $10 costs and disbursements.

COMRIE, Appellant, v. METROPOLIS SECURITIES CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 8, 1907.) Appeal from Trial Term, Kings County. Action by George R. Currie against the Metropolis Securities Company. Judgment for defendant, and plaintiff appeals. Affirmed. Maxwell C. Katz (Otto C. Sommerich, on the brief), for appellant. John A. Straley, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

HOOKER, J. (dissenting). This is an appeal by the plaintiff from a judgment entered upon a nonsuit. The plaintiff's assignors were real estate brokers employed by the defendant to sell a certain piece of real estate, and they procured a purchaser who, it is conceded, was able to purchase. The question turns upon the proposition whether he was ready and willing to purchase upon the defendant's terms. The intending purchaser, his attorney, and one of the plaintiff's assignors met the defendant's agent, whose ostensible authority is apparent. At the latter's office in the morning the parties agreed upon the price to be paid, and then the defendant's agent dictated to his stenographer a proposed contract, by the terms of which the defendant was to sell and the purchaser to buy the real estate in question. After the defendant's agent had completed the dictation, he asked the purchaser's attorney whether what had been dictated was satisfactory. The latter suggested that there should be two other clauses inserted in the contract—first, one providing that the personal property and the fixtures then on the premises should go with the real estate; and the other, that the defendant "deliver the premises free and clear of all orders or violations of the tenement house department up to the day of closing the contract." After starting to dictate two clauses of this tenor, the defendant's agent suggested to the purchaser's attorney that he do so, and the latter dictated them himself to the stenographer. The defendant's agent then suggested that, inasmuch as it would take some time to transcribe the contract, the parties had better return later to complete the signing of the contract. This they did, only to find, however, that the defendant's agent during the meantime had discovered that there was in force an order of the tenement house department criticising the building upon the premises in question, because of the failure of the water in the pipes to reach the top floor, and that a lis pendens had been filed on that account and the matter placed in the hands of the corporation counsel. The defendant's agent refused either to make an allowance in the purchase price on this account or to remedy the trouble himself, although his attention was called to his agreement of a few hours previous, as dictated to the stenographer, that the defendant should deliver the premises "free and clear of all orders or violations of the tenement house department up to the date of closing the contract." The sale was not consummated. The jury would have been justified in finding upon the evidence of the plaintiff's witnesses that the contract as dictated to the stenographer was a statement by the defendant of the terms and conditions upon which it would sell its property. These terms and conditions, as so stated, were satisfactory to and accepted by the purchaser, and the plaintiff's assignors, having produced a purchaser who was able to buy, and, as shown, willing to take upon the defendant's terms, they had earned their commissions, and the defendant was liable. The objection that the defendant's agent raised after the return of the parties to his office had no greater effect upon the broker's rights than as though the former had changed his mind about the price at which he wished to sell the property during the interim and refused on the return of the parties to enter into a contract unless the purchaser would pay him more money than he had asked and than they had agreed upon earlier. In other words, the defendant declared its terms in detail, the purchaser accepted them, and with this the broker's commissions were earned, irrespective of the owner's recanting as to one of the material terms. The judgment and order should therefore be reversed, and a new trial granted; costs to abide the event.

COOGAN, Respondent, v. INTERBOROUGH RAPID TRANSIT CO., Appellant. (Supreme Court, Appellate Term. April 10, 1907.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Julia Coogan, by Catherine Coogan, her guardian ad litem, against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. Charles A. Gardiner (J. Osgood Nichols, of counsel), for appellant. John B. Doyle, for respondent.

PER CURIAM. We can discern no material difference between the facts as presented in this record and as presented at the first trial, which, as in the present case, resulted in a judgment for the plaintiff. The first judgment was reversed by this court, with an opinion reviewing the evidence at considerable length. 50 Misc. Rep. 562, 99 N. Y. Supp. 382. The same condition, especially with respect to the question whether or not a warning was given by the guard, exists in this record as appears by the opinion to have existed before. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

COPPINS, Appellant, v. LOWE, Respondent. (Supreme Court, Appellate Term. April 10,